IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| WINDMILL WELLNESS RANCH, L.L.C. § § § *Plaintiff,* § § § V. § BLUE CROSS AND BLUE SHIELD § OF TEXAS, A DIVISION OF § HEALTH CARE SERVICE § CORPORATION § § *Defendant.* § | | Case No. 5:19-CV-01211-OLG Chief Judge Orlando L. Garcia |

**PLAINTIFFS' PATIENTS J.A., ET AL AND WINDMILL WELLNESS RANCH LLC'S RESPONSE TO THE SECOND MOTION TO DISMISS OF
BLUE CROSS OF CALIFORNIA, COMMUNITY INSURANCE COMPANY,
HEALTHY ALLIANCE LIFE INSURANCE COMPANY,
ANTHEM HEALTH PLANS OF VIRGINIA, INC, AND
EMPIRE HEALTHCHOICE ASSURANCE, INC.**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiffs, Patients J.A., et al[1] and Windmill Wellness Ranch LLC, collectively ("Plaintiffs"), files this, their Response to the second Motion to Dismiss of Blue Cross of California, Community Insurance Company, Healthy Alliance Life Insurance Company, Anthem Health Plans of Virginia, Inc. and Empire HealthChoice Assurance, Inc., (collectively referred to herein as "Anthem").

I.  **FACTS AND BACKGROUND**

---

[1] The "Patients" are those individuals that were joined as real parties in interest within Plaintiff's Fourth Amended Complaint and remain as party plaintiffs. To comply with HIPAA privacy requirements, the patients, when mentioned, are identified by initials. Each has been identified by initials on the exhibits attached to the most current complaint and prior complaints filed with this Court

1

Windmill is a fully licensed and accredited behavioral health and substance abuse treatment facility located in Comal County, Texas, near Canyon Lake.[2] Due in part to the scarcity of facilities like Windmill, it accepts patients that have health plans that are participating plans as to Windmill, and non-participating, or "out-of-network" plans. Windmill is considered an out-of-network facility by Anthem. During time frames relevant to this action, Windmill admitted and treated numerous patients that had medical plan coverage with various Anthem health plans. On information and belief, all the Anthem plans named in this action are licensees of the Blue Cross Blue Shield National Association and are participants in the BlueCard® program. A summary description of the BlueCard® program as currently published on the Internet is attached as **Exhibit A**.

Due to the BlueCard® plans' objections to the standing of Windmill as the personal representative of Patients, Windmill moved to join Patients as real parties in interest in its Fourth Amended Original Complaint. Leave was granted by the Court [ECF No. 128] and the Fourth Amended Original Complaint was filed, adding Patients as plaintiffs. The Court denied all pending motions to dismiss of the case Defendants at that time. [ECF Text Order entered 08/29/2022].

On October 7, 2022, Plaintiffs filed a Notice of Advisory Statement of Intent to Amend [ECF No. 132]. Following that, Plaintiffs filed their Fifth Amended Original Complaint and Exhibits 1-18, 19-A-1, 19-A-2 and 19-A-3 to address some of the concerns raised by the case Defendants [ECF No. 134 - 138].

The case Defendants have now filed a second round of Motions to Dismiss, including Anthem.

---

[2] Founded in 1951, The Joint Commission accredits and certifies more than 22,000 health care organizations and programs in the United States, including hospitals and health care organizations that provide ambulatory and office-based surgery, behavioral health, home health care, laboratory and nursing care center services.

## II.   PLAINTIFFS HAVE STANDING

In its second Motion to Dismiss, Anthem reasserts is prior argument under Rule 12(b)(1) that the Plaintiffs lack standing to bring this action. Plaintiffs must respectfully disagree. As the affected plan beneficiaries have been joined as plaintiffs in this action to recover health plan benefits, this is now a moot issue. Although Section 502(a) (29 U.S.C. § 1132(a)) of ERISA lists multiple causes of action, there are four primary causes of action brought by most ERISA plaintiffs: (1) claims for penalties under Section 502(a)(1)(A) and Section 502(c) when statutorily mandated information is not provided; (2) claims under Section 502(a)(1)(B) for benefits due under a plan or to enforce rights or clarify rights under a plan; (3) claims for breach of fiduciary duties under Section 502(a)(2) for "appropriate relief" under Section 409 of ERISA; and (4) claims under Section 502(a)(3) – ERISA's "catchall" provision – for injuries that Section 502 does not remedy elsewhere. By statute, only four classes of plaintiffs may sue under ERISA: plan participants, plan beneficiaries, the Secretary of Labor, and plan fiduciaries.

Patients in this case are all plan participants or beneficiaries of their respective health plans and have standing under ERISA § 502(a) to bring this action. Moreover, Windmill has not only been assigned benefits under the plan but has also been appointed personal representative of each Patient that is a plaintiff in this action.

ERISA § 3.7 defines a "participant" as any employee or former employee, or any member or former member of an employee organization, who is or may become eligible to receive a benefit of any type from an employee benefit plan, which covers employees of such employer or members of such organization, or whose beneficiaries may be eligible to receive any such benefit. 29 U.S.C.

§ 1002(7). *See also* 29 C.F.R. § 2510.3-3(d)(1)(i). A "beneficiary" under ERISA § 3.8 is someone designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit under such plan. 29 U.S.C. § 1002(8). A beneficiary with ERISA standing is someone who has a reasonable or colorable claim to benefits under an ERISA plan. *Crawford v Roane*, 53 F.3d 750, 753 (6th Cir. 1995).

ERISA § 502(a) permits the Plaintiffs (and Windmill with an enforceable assignment of benefits) to seek recovery of health benefits under a plan, or to clarify right to future benefits under a plan. 29 U.S.C. § 1132(a)(1)(b). Windmill is the personal representative of each Patient to this action and each of the Patients named herein as plaintiffs by virtue of their status as a real party in interest has standing to bring this action to recover health care benefits due them under their respective health plans. Plaintiffs have additionally assigned benefits under any such plans to Windmill.

The issue of standing was previously raised by Anthem in their prior Motion to Dismiss [ECF No. 78] and that motion was denied and dismissed as moot by Chief Judge Orlando Garcia on August 26, 2022. [ECF Text Order entered 08/29/2022].

### III. THE UNTED STATES DISTRICT COURT HAS SUBJECT MATTER AND PERSONAL JURISDICTION OVER THE PARTIES

Pursuant to 29 U.S.C § 1132(e):

> (1) Except for actions under subsection (a)(1)(B) of this section, the district courts of the United States shall have exclusive jurisdiction of civil actions under this subchapter brought by the Secretary or by a participant, beneficiary, fiduciary, or any person referred to in section 1021(f)(1) of this title. State courts of competent jurisdiction and district courts of the United States shall have concurrent jurisdiction of actions under paragraphs (1)(B) and (7) of subsection (a) of this section.

4

> (2) Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found.

A United States District Court has personal jurisdiction over a defendant, who is served according to a federal statute that authorizes nationwide personal jurisdiction. FRCP 4(k)(1)(C). There are several kinds of cases in which Congress has authorized nationwide, and in some cases worldwide, service of process. When these statutes apply, so long a s a properly served defendant has "minimum contacts" with the United States as a whole, that defendant is subject to jurisdiction in any federal district.   ERISA is among those federal statutes providing for nationwide service of process. 29 U.S.C. § 1132(e)(2).

Here,  Anthem and other similarly situated BlueCard® plans have availed  themselves  of the privilege of conducting business in Texas. They knowingly authorized their insured members to receive medical care at a facility in Texas, giving their member access to care. Thereafter, they adjudicated the claims for the members' medical services via the national BlueCard® program. In all cases, including the particular patients covered through Anthem, the medical claims were priced (or "re-priced") through an arrangement undisclosed to plaintiffs and a virtually *de minimis* benefit was the result. If this is how the BlueCard® plans engage with medical care facilities on an interstate commerce basis, they should not be surprised when sued in any federal district. Parties residing within the Western District of Texas should be afforded no less rights to redress under ERISA, when it is obvious that Congress fully intended to permit parties to bring claims for redress of grievances actionable under ERISA to occur without the impediments imposed by state law jurisdictional concerns.

In an ERISA 502(a) "claim for benefits" case, process can be served in any district where a defendant resides or may be found. Significantly, in ERISA matters, a defendant need not have contacts with judicial district in which venue lies so long as the defendant has minimum contacts with the United States. *Bellaire Gen. Hospital v Blue Cross Blue Shield of Michigan*, 97 F.3d 822, 826 (5th Cir. 1996); *Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267* (9th Cir. 1992). In instances of nationwide personal jurisdiction, the relevant inquiry is not the more common "minimum contacts with the state" analysis. The inquiry is whether the defendant has sufficient contacts with the Unites States as a whole. *Adams v. Unione Mediterranea di Sircuta*, 364 F.3d 646, 650 (5th Cir.2004); *In re Automotive Refinishing Paint Antitrust Litig.*, 358 F.3d 288, 298-99 (3d. Cir.2004); *Board of Trs., Sheet Metal Workers' Nat'l Pension Fund v. Elite Electors, Inc.*, 212 F.3d 1031, 1035 (7th Cir. 2000). There can be virtually no question that each of the named BlueCard® health plans have sufficient contacts as a whole. Their self-published *Blue Facts* publication that is attached as Exhibit A makes it clear that the BlueCard® plans market themselves as an organization of interconnected health plans that operate as a national, and even worldwide network of health plans.

Additionally, nationwide service under the above-cited provisions of ERISA has been found appropriate, even as to pendent state law claims. *U.S. Telecom, Inc. v Hubert,* 678 F. Supp. 1500 (D. Kan. 1987).

The United States government also has a significant federal interest in the protection of ERISA plan beneficiaries that are engaged in and support interstate commerce. In its 2021 report numbered GAO-21-376, the Employee Benefits Service Administration of the U. S. Department of Labor stated the following in its opening remarks within that report:

> The Department of Labor's (DOL) Employee Benefits Security
> Administration's (EBSA) enforcement focuses on encouraging

> retirement and health plans to comply with the Employee Retirement Income Security Act of 1974, as amended, and restoring benefits that were improperly withheld from plan participants. To identify violations, EBSA investigates benefit plans and their service providers. Over two-thirds of investigation leads are identified by EBSA staff. EBSA prioritizes investigating cases that may result in large recoveries or affect many participants, such as restored retirement plan contributions or payment for incorrectly denied medical claims. When agreement cannot be reached, investigators can refer civil cases to DOL's Office of the Solicitor for civil litigation. Criminal cases are referred to Department of Justice. In fiscal year 2020, almost 84 percent of investigations were civil and more than 16 percent were criminal, resulting in over $3 billion in payments to participants and plans.

U.S. Gen. Accounting Office, GAO-21-376, Reports to Congressional Addresses: Employee Benefits Security Administration - Enforcement Efforts to Protect Participants' Rights in Employer-Sponsored Retirement and Health Benefit Plans (2021). https://www.gao.gov/assets/gao-21-376.pdf .

The BlueCard® defendants in this cause, including Anthem, undisputedly have extensive contacts with the United States as a whole. The analysis ends there. Jurisdiction and venue in this district comport with due process. And even if this Court were to balance the Defendants' unexplained inconvenience against the federal interests in litigating here, federal interests strongly support jurisdiction in this district. Therefore, personal jurisdiction over defendants is proper and this Court should deny Defendants' motions to dismiss.

Based on the unambiguous language of ERISA and the applicable rules of the Federal Rules of Civil Procedure, this Court has personal jurisdiction over the case Defendants. Therefore, Anthem's second 12(b)(2) Motion to Dismiss for lack of personal jurisdiction should be denied.

The issue of personal jurisdiction was previously raised by Anthem in their prior Motion to Dismiss [ECF No. 78] and that motion was denied and dismissed as moot by Chief Judge Orlando Garcia on August 26, 2022. [ECF Text Order entered 08/29/2022].

### IV. PLAINTIFFS HAVE PLEADED CLAIMS FOR RELIEF WITH SUFFICIENT PARTICULARITY

Anthem has filed its second Motion to Dismiss per Rule 12(b)(6), alleging failure to state a claim. For the reasons set forth below, the motion should be denied.

When considering a defendant's motion to dismiss, a court must construe the factual allegations in the complaint in the light most favorable to the plaintiff. *Barker v. Riverside Cnty. Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009); *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). If the complaint provides fair notice of the claim and the factual allegations are sufficient to show that the right to relief is plausible, a court should deny the defendant's motion. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Twombly*, 550 U.S. at 555-56; *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).

As of the date of the filing of this response, Anthem and all other Blue Card® case defendants have objected to any discovery being done at this point. They have contended that the Plaintiffs have not made it possible to identify the patients, which is not an accurate statement at all. Far from it. Plaintiffs have provided Excel reports that identify each Patient/beneficiary, plan by plan, with their unique subscriber ID number that is assigned to them by their respective Blue Card® plan. Those are found as Exhibits 1-18, 19-A-1, 19-B-1 and 19-C-1 to Plaintiffs' Fifth Amended Original Complaint. [ECF Nos. 134 – 138]. Anthem knows exactly who the patient/plaintiffs are and what insurance plan provides coverage to the member, whether an ERISA or Non-ERISA claim. Plaintiffs have no access to that information at this juncture of the litigation.

Anthem continues to complain vehemently about requesting plan documents from it. As Plaintiffs have shown the Court in the past, as an out-of-network provider, the BlueCard® entities largely ignored such requests. They obviously felt that Windmill, either as assignee or as the personal representative of the plan beneficiary, had no right to receive plan documents. These will have to be sought in discovery. That is simply the only way that Plaintiffs will ever see most plan documents or obtain disclosure of Anthem's and the other named BlueCard® plans' clinical criteria, reimbursement methodologies and other relevant disclosures.

Plaintiffs have pleaded only two causes of action, both of which are entirely appropriate to this case. Plaintiffs have pleaded a claim for recovery of health benefits under ERISA and breach of contract for the handful of claims in this action that fall under non-ERISA governed health plans.

Since the majority of the claims in this case, as well as the plans of the case defendants are ERISA-governed plans, Plaintiffs have standing to bring a civil enforcement action under ERISA, subject matter jurisdiction exists based upon a federal question. 28 U.S.C. § 1331. This Court has supplemental jurisdiction of Plaintiffs' state law causes of action for breach of contract under 28 U.S. Code § 1367(a), *i.e.,* to address the medical benefits claims that arise under non-ERISA governed health plans.

Plaintiffs have pleaded with particularity details of the transactions made the basis of this litigation, including the number of patients that were beneficiaries of each BlueCard® plan that had been a patient at Windmill, the amount of the charges incurred and the amount of reimbursement previously tendered by each BlueCard® plan. Plaintiffs have also previously identified the Patients/beneficiaries whose medical benefits are in issue, plan by plan, by initials and by their unique subscriber number issued by their respective BlueCard® plan. Further

9

Plaintiffs have pleaded representative plan provisions and provided sufficient factual allegations in the complaint such that the Court can draw the reasonable inference that the defendant is liable for the misconduct alleged. A complaint states sufficient claims if it gives the defendant fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff's Fifth Amended Complaint does so.

These factual allegations show a right to relief that is plausible. That is, when the factual allegations are assumed to be true, they show a right to relief that is more than mere speculation. *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009); *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211-12 (3d Cir. 2009); *see Iqbal*, 556 U.S. at 678-79; *Twombly*, 550 U.S. at 555-56; *Brooks*, 578 F.3d at 581.

Anthem's second Motion to Dismiss reads as if it expects Plaintiffs to be in possession of a plethora of documents in advance of any discovery taking place; however, Plaintiffs have pleaded with more than reasonable particularity and have provided a significant amount of factual detail within the exhibits to Plaintiffs' Fifth Amended Original Complaint [ECF Nos. 134-138].

A Motion to Dismiss per Rule 12(b)(6) based on failure to state a claim was previously urged by Anthem. [ECF No. 78]. That motion was denied and dismissed as moot by Chief Judge Orlando Garcia on August 26, 2022. [ECF Text Order entered 08/29/2022].

Based on all of the foregoing, Plaintiffs urge that Anthems second 12(b)(6) Motion to Dismiss for failure to state a claim be denied.

**CONCLUSION AND REQUEST FOR RELIEF**

WHEREFORE Plaintiffs, Patients J.A., et al and Windmill Wellness Ranch, LLC respectfully requests the Court deny Anthems Motion to Dismiss in its entirety. Alternatively, and

in the event the Court determines that the Plaintiffs' pleadings are deficient at this time, the Plaintiffs request leave of Court to amend its current live complaint in accordance with the Court's orders. Plaintiffs, Patients J.A., et al and Windmill Wellness Ranch, LLC further requests such other and further relief, legal or equitable, to which they show themselves to be justly entitled.

Respectfully submitted,

By: /s/ *T. Daniel Hollaway*
T. Daniel Hollaway
State Bar No.: 0986670

HOLLAWAY PC
19 Briar Hollow Ln., Suite 230
Houston, Texas 77027
Tel. 713.942.7900
Fax 713.942.8530
Email: dhollaway@houstonlaw.com

By: /s/ *P. Matthew O'Neil*
P. Matthew O'Neil
State Bar No. 00795955

LAW OFFICES OF P. MATTHEW O'NEIL
6514 McNeil Drive
Bldg. 2, Suite 201
Austin, TX 78729
Tel. 512.473.2002
Fax 512.473.2034
Email: moneil@mattoneillaw.com

ATTORNEYS FOR PLAINTIFFS,
PATIENT WINDMILL WELLNESS RANCH

**CERTIFICATE OF SERVICE**

      I certify that on February 27, 2023, I served a true and correct copy of the above and foregoing document electronically. Notice of the filing will be sent by operation of the Court's PACER electronic filing system to all counsel of record.

      /s/ *T. Daniel Hollaway*
      T. Daniel Hollaway