UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**FILED**

July 27, 2023

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____ NM _____

DEPUTY

WINDMILL WELLNESS RANCH, LLC )
)
      Plaintiff )
)
v. )    CIVIL NO. SA-19-CV-1211-OLG
)
BLUE CROSS AND BLUE SHIELD )
OF TEXAS, A DIVISION OF HEALTH )
CARE SERVICE CORP., et. al. )
)
      Defendants )

## ORDER

The Court has considered the report and recommendation of United States Magistrate Judge Henry J. Bemporad, filed in the above-styled and numbered cause on June 6, 2023. Docket no. 167. Defendants have filed objections. Docket nos. 169 - 172.

The Court has conducted an independent review of those parts of the recommendation that have been properly objected to. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). Global objections lacking specificity are improper and have not been considered. The parts of the recommendation that no party has properly objected to have been reviewed only for clear error. After such review, the Court finds that the Magistrate Judge's recommendation (docket no. 167) should be accepted as follows:

    A.    Denial of Defendants' motions to dismiss based on lack of standing:

The BCBSAL and Highmark Defendants object to this part of the recommendation. Upon review, Defendants' motions to dismiss for lack of standing

1

are DENIED. As previously noted, Defendants do not challenge Article III standing; rather, they claim the provider (as assignee) cannot sue to recover benefits because the assignments (from patient to provider) are invalid in light of the anti-assignment clause in some of the plans. Defendants previously moved to dismiss on these grounds, and the Court permitted the joinder of the plan beneficiaries as indispensable parties. In doing so, the Court stated:

> It is undisputed that *either* Windmill *or* the plan beneficiaries can recover for the alleged nonpayment and underpayment of claims submitted to Defendant. Which of the two can recover, however, hinges on whether a valid assignment has been made to Windmill. If a valid assignment was made, Windmill has standing to pursue legal action and recover payment for the submitted claims. If a valid assignment was *not* made, the plan beneficiaries are proper plaintiffs and real parties in interest, even though Windmill will ultimately recover the proceeds.
>
> With both Windmill and the plan beneficiaries as plaintiffs, the Court need not determine at this juncture the validity of any purported assignment, as at least one of them has standing to bring this action. *See McAllen Grace Brethren Church v. Salazar*, 764 F.3d 465, 471 (5th Cir. 2014) ("It is well settled that once we determine that at least one plaintiff has standing, we need not consider whether the remaining plaintiffs have standing to maintain the suit."). To the extent Defendants still want to challenge the validity of the assignment, they can do so as the case proceeds.

Docket no. 128, p. 5.

Although some of the Defendants continue to challenge the provider's assignee status, it does not appear that all plans in question have anti-assignment clauses and not all clauses are the same.[1] In any event, the plan beneficiaries have

---

[1] *See, e.g.*, docket no. 145 at 6 ("Plaintiff seeks in this action to recover healthcare benefits on behalf of *five* patients covered under healthcare benefit plans administered by Defendants . . . at least *three* of those [plan beneficiaries] were covered under ERISA benefit plans containing express anti-assignment clauses") (emphasis added).

been joined as indispensable parties.

Defendant(s) also contend the plan beneficiaries have not been effectively added as plaintiffs because they have been identified by their initials rather than their full names. Because the claims in issue are medical in nature, and Defendants have sufficient information to identify each of the plan beneficiaries (including their subscriber ID numbers, the plans under which they are insured, the claim numbers, and the amount in dispute for each claim), the Court finds they have been effectively joined in the Fifth Amended Complaint.

Defendants are not precluded from re-urging the issue of the provider's assignee status at the summary judgment stage of the proceedings after all administrative records have been produced in their entirety. The anti-assignment clauses in question should be examined in the context of the plan as a whole, and the plan as a whole cannot be examined until the administrative record is complete. At this juncture, the Court finds that either the provider (as assignee) or the plan beneficiaries (as identified in the complaint) have standing to sue for nonpayment or underpayment of benefits if due and owing under the terms of the policies.

B.     Dismissal of the state law breach of contract claims:

The parties do not object to this part of the Magistrate Judge's recommendation. The Court views this as a meritorious argument on the deficiency of the pleading rather than a meritorious challenge to personal jurisdiction. Defendants' motions to dismiss the state law breach of contract claims are granted, but Plaintiffs will have the opportunity to amend the complaint within 30 days from

3

<u>the date below</u> consistent with the Magistrate Judge's instructions. Preceding the amendment, counsel should confer and attempt to agree on whether any remaining contracts in issue are *not* governed by ERISA. Plaintiffs may choose *not* to amend if it appears all remaining contracts are governed by ERISA and, in that event, the state law breach of contract claims will remain dismissed. If Plaintiffs still contend any breach of contract claims are *not* governed by ERISA and still wish to pursue state claims, they will need to more specifically plead the state law breach of contract claims as discussed in the recommendation.[2] The remaining parts of the complaint will stay the same.

C.   Denial of motions to dismiss for failure to plead exhaustion of administrative remedies:

The parties do not object to this part of the recommendation. The motions to dismiss for failure to plead exhaustion of administrative remedies are DENIED. Plaintiffs state in their Fifth Amended Complaint that they pursued administrative appeals. Any challenge to such assertion goes beyond the pleadings and the Court would need to review the administrative record to determine whether Plaintiffs exhausted administrative remedies. This argument may be re-urged at the summary judgment stage of the proceedings.

---

[2]If Plaintiffs choose to amend their state law claims, they may continue to refer to the plan beneficiaries by initials, rather than using full names. For "domicile," they may identify the county and state in which they reside. Plaintiffs will also need to more specifically describe the conduct of each Defendant alleged to have breached a contract under state law.

D.    Denial of motions to dismiss for failure to state a claim:

The Anthem Defendants object to this part of the recommendation. Upon review, the Court agrees with the Magistrate Judge's findings and conclusions. The motions to dismiss for failure to state a claim under Rule 12(b)(6) are DENIED for the reasons stated in the recommendation.

E.    Denial of CareFirst's motion to dismiss based on venue:

Defendant CareFirst objects to this part of the recommendation. CareFirst claims venue is improper and seeks dismissal or, alternatively, transfer of the claims against CareFirst to Maryland. CareFirst asserts the Magistrate Judge erred in determining venue under the general venue statute, 28 U.S.C. § 1391(b)(2), rather than the specific venue statute for ERISA actions, 29 U.S.C. § 1132(e)(2). The Court finds that venue is proper under both statutes. Under the ERISA statute, venue is proper "where the breach took place," and CareFirst acknowledges that courts have construed this as the place where the beneficiary receives or was to receive benefits. The pleadings reflect that benefits were to be received in Comal County, Texas at the treatment facility where the patients received care. It appears that many of the claims involve underpayment, rather than nonpayment, and at least some of the benefits were in fact paid by CareFirst and received in Comal County, Texas. Docket no. 134, Exh. 8. This is not a close call under the pleadings.

F.    Dismissal of claims against Florida Blue:

The parties do not object to this part of the recommendation. The Magistrate Judge concluded that the claims against Florida Blue, which involve non-ERISA

plans, should be adjudicated in the Middle District of Florida. Although Plaintiffs suggested a transfer, rather than dismissal, they never filed a motion to sever and transfer the claims. Thus, for the reasons stated in the recommendation, the claims against Florida Blue are dismissed without prejudice.

G.   The arbitration of claims brought by or on behalf of Patient M.M. against Defendant BCBSAL:

The parties do not object to this part of the recommendation. BCBSAL seeks to sever Patient M.M.'s claims, stay the claims, and compel arbitration pursuant to an arbitration clause in Patient M.M.'s plan. Plaintiffs do not oppose the request, and Patient M.M.'s claims against Defendant BCBSAL are stayed and shall proceed in arbitration. The parties may submit a proposed severance order to be entered separately.

H.   Dismissal of claims brought by or on behalf of Patient S.R. against Defendant BCBSAL:

The parties do not object to this part of the recommendation. BCBSAL seeks dismissal of claims brought by or on behalf of Patient S.R. on immunity grounds. Plaintiffs do not contest the assertion of immunity, and the claims brought by or on behalf of Patient S.R. are dismissed.

It is therefore ORDERED that the Magistrate Judge's recommendation (docket no. 167) is ACCEPTED; the Anthem Defendants' motion to dismiss (docket no. 142) is GRANTED IN PART, DENIED IN PART, and DENIED WITHOUT PREJUDICE IN PART; the CareFirst Defendant's motion to dismiss (docket no. 143) is GRANTED IN PART, DENIED IN PART, and DENIED WITHOUT

6

PREJUDICE IN PART; the JW Blue Defendants' motion to dismiss (docket no. 144)

is GRANTED IN PART, DENIED IN PART, and DENIED WITHOUT PREJUDICE

IN PART; the Highmark Defendants' motion to dismiss (docket no. 145) is DENIED

IN PART and DENIED WITHOUT PREJUDICE IN PART; BCBSAL's motion to

dismiss (docket no. 146) is GRANTED IN PART AND DENIED WITHOUT

PREJUDICE IN PART.

SIGNED this _____ day of July, 2023.


_____
ORLANDO L. GARCIA
UNITED STATES DISTRICT JUDGE