UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| WINDMILL WELLNESS RANCH, L.L.C., ET AL., | § § § | |
| Plaintiffs, | § § § | |
| v. | § § | SA-19-CV-1211-OLG (HJB) |
| HORIZON BLUE CROSS BLUE SHIELD OF NEW JERSEY, ET AL., | § § § § | |
| Defendants. | § § | |

**ORDER**

Before the Court are the following motions: the Motion to Compel Responses and Production in Response to Threshold Discovery Requests filed by Defendants Blue Cross of California, Community Insurance Company, Health Alliance Life Insurance Company, Anthem Health Plans of Virginia, Inc., and Empire HealthChoice Assurance, Inc. (the "Anthem Defendants") (Docket Entry 206); Plaintiffs' Motion to Compel Defendants to Respond to Plaintiffs' First Set of Interrogatories (Docket Entry 208); and the Anthem Defendants' Motion for Protective Order (Docket Entry 212). Pretrial and scheduling matters in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b). (*See* Docket Entry 148.)

The Court held a hearing on the above motions on July 26, 2024. In accordance with the Court's rulings at the hearing, it is hereby **ORDERED** as follows:

(1) The Anthem Defendants' Motion to Compel Responses and Production in Response to Threshold Discovery Requests (Docket Entry 206) and Motion for Protective Order (Docket Entry 212) are **GRANTED IN PART**, as follows:

(a) **On or before September 13, 2024**, the Anthem Defendants must produce to

      Plaintiffs the administrative records as to the 42 patients the Anthem Defendants have identified as being attributed to them. The production of such records does not waive any claim the Anthem Defendants may make as to the standing of any of those patients to participate in the present case.

  (b) **On or before September 13, 2024**, Plaintiff must produce any documentation showing that patients joined in the present case, in addition to those identified by the Anthem Defendants (*see* Paragraph (1)(a)), were covered by the Anthem Defendants' policies. As to those patients, the Anthem Defendants must provide administrative records, if any, **on or before October 14, 2024**.

(2) Plaintiffs' Motion to Compel Defendants to Respond to Plaintiffs' First Set of Interrogatories (Docket Entry 208) is **DENIED AS MOOT**;

(3) The following additional deadlines apply in this case:

  (a) Plaintiff must serve objections, if any, to the administrative records **within 21 days** after those administrative records are produced. At the time of any objection, Plaintiff must identify and serve any additional documents it contends should be included in a particular administrative record.

  (b) The parties must attempt in good faith to resolve any disputes regarding the administrative record. If any disputes cannot be resolved by the parties, they must be brought before the Court no later than **November 15, 2024**.

  (c) Plaintiff must file any motions for leave to submit expert testimony **on or before November 15, 2024**. The Anthem Defendants must respond to Plaintiffs' motion **on or before December 6, 2024**, and Plaintiffs may reply **on**

or before **December 13, 2024**.

(d) The parties must mediate their claims **on or before December 20, 2024**.

(e) Opening motions for judgment on the administrative record must be filed by **February 4, 2025**. Pertinent administrative records must be filed simultaneously with their corresponding motions for judgment.

(f) Responses to motions for judgment on the administrative record must be filed by **February 18, 2025**.

(g) Any replies in support of motions for judgment on the administrative record must be filed by **March 4, 2025**.

(h) Any hearing on the motions for judgment will be scheduled by the Court by separate order.

**SIGNED** on July 29, 2024.

Henry J. Bemporad  
United States Magistrate Judge